YANKEE DOODLE BOYS, INC., Plaintiff, *v.* GEORGE V. MCLAUGHLIN, as Police Commissioner, etc., and Others, Defendants.

Supreme Court, New York County, March 3, 1926.

Injunctions — application for temporary injunction to restrain police commissioner of New York city from stationing police officers about plaintiff's premises — character of premises creates suspicion that it is gambling place — police required to observe and inspect gambling places under Greater New York charter, § 315 — determination of legality of action by police should be left to trial — injunction denied.

A temporary injunction to restrain the police commissioner of the city of New York from stationing police officers in and about plaintiff's premises is denied, since it appears that the construction and character of the premises indicate possibly that they are used for gambling purposes, and since it is the duty of the police, under section 315 of the Greater New York charter, to observe and inspect all gambling houses and to repress and restrain all unlawful and disorderly conduct or practices therein.

The question of the legality of the action of the police commissioner should be left for determination at the trial of the action.

APPLICATION for a temporary injunction to restrain the police commissioner from stationing police officers in or about the plaintiff's premises.

*Pellet, Fay & Rubin* [*William W. Pellet* of counsel], for the plaintiff.

*George P. Nicholson*, Corporation Counsel [*Arthur J. W. Hilly* and *Russell Lord Tarbox* of counsel], for the defendants.

PROSKAUER, J. To warrant the granting of this application the plaintiff must show those grounds for equitable relief which are conditions precedent to the issuance of all temporary injunctions.

*Delaney* v. *Flood* (183 N. Y. 325) laid down the general rule that police officers would not be enjoined in situations of this character, and that if they exceeded their legal or constitutional powers, the redress of the aggrieved party was by prosecution or suit. It is only where clearly established misconduct of the police constitutes an unreasonable and unwarranted continuing trespass on a legitimate business or occupation that threatens irreparable injury to the plaintiff that the extraordinary remedy of a temporary injunction may be invoked. (*Burns* v. *McAdoo*, 113 App. Div. 165; *McGorie* v. *McAdoo*, Id. 271; *Levy* v. *Bingham*, Id. 424; *Hagan* v. *McAdoo*, Id. 506; *Olms* v. *Bingham*, 116 id. 804.)

The affidavits here raise a sharp issue of fact as to whether the police ever committed the acts of violence charged against them. The plaintiff does not sustain the burden of proof resting

on it.   The conduct of the police officers which is admitted does not justify equitable interference.   From the construction of the premises, the character of the so-called " ice-box " door, the peep-hole panel and the manner of mystery with which a visitor was received, there was ample basis for reasonable suspicion of the character of the plaintiff's premises.

The statute places upon the police the duty not only of detecting and punishing but also of preventing crime and especially are they required to " carefully observe and inspect   *   *   *   all gambling houses   *   *   *   and to repress and restrain all unlawful and disorderly conduct or practices therein."   (Greater N. Y. Charter, § 315, as amd. by Laws of 1914, chap. 455.)

Their contention that this plaintiff is attempting to thwart the discharge of this duty by securing a temporary injunction on false affidavits of continuing acts of violence by the police raises an issue which must be settled on a trial.   The plaintiff's allegations in this respect contain improbabilities which only persuasive evidence adduced on a trial could dispel.

Motion denied.   Order signed.